## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| KAREN L. CLARK, | ) | Case No. 17-60160 |
| | ) | |
| Debtor. | ) | |

## ORDER GRANTING TRUSTEE'S MOTION TO DENY CONFIRMATION

The Chapter 13 Trustee filed a Motion to Deny Confirmation of Debtor Karen L. Clark's proposed Chapter 13 plan because, he asserts, the Debtor is above-median and must propose a sixty-month plan.  For the reasons that follow, the Motion to Deny Confirmation will be GRANTED.

The Debtor and her non-filing spouse have income from four sources:  social security, pensions, self-employment, and residential rental income.  At issue here is the rental income, and how it fits into the calculation of "current monthly income" for purposes of determining the "applicable commitment period" of the Debtor's Chapter 13 plan.

> A Chapter 13 debtor's "applicable commitment period" (the minimum duration of his or her plan) is *three years* if the annualized current monthly income of the debtor and the debtor's spouse combined is *below* the relevant median family income, but is *five years* if the annualized current monthly income of the debtor and the debtor's spouse combined is equal to or *above* the relevant median family income.[1]

The Debtor asserts she is below the relevant median family income and is proposing a three-year plan; the Trustee asserts she is above-median and must propose a five-year plan.  Whether the Debtor is above-median or below-median

---

[1] *In re Harkins*, 491 B.R. 518, 522 (Bankr. S.D. Ohio 2013) (emphasis in original).

turns on whether she should use gross or net rental income in calculating her "current monthly income."

Current monthly income ("CMI") is defined, in relevant part, as the "average monthly income from all sources the debtor receives . . . without regard to whether such income is taxable income, derived during the six month period" before the date specified in § 101(10A)(A)(i) and (ii).[2]  Once a debtor's CMI is determined, § 1325(b)(2) specifies the deductions a debtor may take from such current monthly income to arrive at the debtor's "disposable income," which is the amount the debtor must pay in monthly for the duration of the applicable commitment period.[3]  As relevant here, § 1325(b)(2)(B) permits debtors who are "engaged in business" to deduct from CMI "expenditures necessary for the continuation, preservation, and operation of such business" in calculating disposable income.[4]

In *In re Wano*, the Honorable Jerry W. Venters of this district held that, since § 1325(b)(2)(B) requires that self-employed debtors take deductions for business expenses in determining *disposable income*, the business's *gross* income should be used for calculating CMI.[5]  In other words, since the Code provides that business expenses are to be deducted *from* CMI, they cannot be deducted *in calculating* CMI.  This is often referred to as taking the business expense deduction "below the line" on the official form, even though the official form

---

[2] 11 U.S.C. § 101(10A); *In re Wano*, Case No. 08-42611-JWV-13, *Amended Order Granting Motion of Trustee to Deny Confirmation of Chapter 13 Plan* (ECF No. 24) (Bankr. W.D. Mo. Oct. 22, 2008).  Social security income is expressly excluded from current monthly income.  11 U.S.C. § 101(10A)(B).

[3] *In re Wano*, Case No. 08-42610, *Amended Order Granting Motion of Trustee to Deny Confirmation of Chapter 13 Plan* (ECF No. 24) at 2.

[4] 11 U.S.C. § 1325(b)(2)(B); *In re Wano* at  2.

[5] *In re Wano* at 2-3 (relying on *In re Weigand*, 386 B.R. 238 (B.A.P. 9th Cir. 2008)).

2

allows for the deduction "above the line" in calculating CMI.[6]  However, as Judge Venters held in *In re Wano*, when there is a conflict between the Bankruptcy Code and the official form, the statute prevails.[7]  Therefore, despite the fact that the official form continues to instruct debtors to use net business income in calculating CMI, the rule in this district is to take the business expense deduction below the line in calculating disposable income.  Indeed, the Debtor here used her non-filing spouse's gross self-employment income in calculating her CMI.

The Debtor asserts, however, that expenses incurred in connection with rental real estate income – particularly, mortgage payments – are distinguishable from self-employment business expenses and should be deducted above the line in calculating CMI.  As with business income, Official Form 122C-1 directs debtors to use net rental income in calculating CMI.  And, as the Debtor points out, the courts holding that business expenses must be taken below the line, despite the official form, point to the fact that § 1325(b)(2)(B) expressly provides that "business" deductions be taken *from* CMI in calculating *disposable income*.  The statute does not specifically refer to rental income and expenses, however, so the Debtor asserts there is no conflict between the statute and the form.  Therefore, she asserts, the form should be followed as it relates to rental income.  Moreover, the Debtor asserts that public policy supports using net income in calculating CMI because that more accurately reflects the reality of her situation.

As a practical matter, however, I see no difference between earning income as a landlord than from any other kind of self-employment "business."  Nor are

---

[6] Prior to 2015, the official form was 22C.  The official forms were amended, effective December 1, 2015.  The current version is Official Form 122C-1.

[7] *Accord In re Harman*, 435 B.R. 596, 599 (B.A.P. 8th Cir. 2010) ("[I]t is ultimately the statute, not the form, which determines the applicable commitment period."); *In re Harkins*, 491 B.R. at 522, 543 (when there is a conflict between an official form and the Bankruptcy Code, the Bankruptcy Code prevails).

3

mortgage payments any different than the other kinds of expenses incurred in a business operation.  Similarly, for wage-earners, Form 122C-1 uses gross wages, salary, tips, bonuses, overtime, and commissions in calculating CMI.  Some courts have acknowledged that using net business income in calculating CMI would make sense, but the statute controls, and public policy supports a bright-line rule in the application of the statute.  Therefore, regardless of what kind of income the debtor has, and regardless of the official form, gross income should be used in calculating CMI and the applicable commitment period.  Expenses are then deducted in calculating disposable income and, thus, the plan payment amount.

ACCORDINGLY, because the Debtor is above-median, her applicable commitment period is sixty months.  The Trustee's Motion to Deny Confirmation of her Chapter 13 Plan is, therefore, GRANTED.  The Debtor is directed to file an amended plan within 21 days, or her case will be dismissed.

IT IS SO ORDERED.

/s/ Arthur B. Federman
Bankruptcy Judge

4